

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

April 1, 2019

**By ECF**
The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Seth Wessler v. United States Coast Guard and Department of Homeland Security*
           No. 19-cv-0385-ENV-RML

Dear Judge Vitaliano:

      This office represents defendants United States Coast Guard and United States Department of Homeland Security (hereinafter collectively "the Coast Guard") in this lawsuit brought by Seth Wessler. Pursuant to Your Honor's Individual Motion Practices, the Coast Guard respectfully requests a pre-motion conference to file a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Wessler alleges that the Coast Guard violates the First Amendment by failing to disclose the identities of individuals detained as a result of drug interdictions in international waters. But the First Amendment does not guarantee public access to government records of law-enforcement activities—particularly not those conducted overseas. Wessler's complaint fails to state a claim for which relief can be granted and thus should be dismissed.

      By way of background, the Coast Guard exercises authority under the Maritime Drug Law Enforcement Act ("the Act") to combat drug trafficking by interdicting vessels in international waters. When suspected drugs are found, the Coast Guard often will detain the individuals aboard the interdicted ship and, if jurisdiction is established (either by consent of the boat's flag state or a showing that it has no flag state), coordinate with the Department of Justice to determine whether the individuals will be accepted for prosecution in domestic federal court. If prosecution is declined, the individuals are returned to their home state, but if the Department of Justice accepts the case for prosecution, the detained foreign nationals are transported to the U.S. and transferred to the custody of federal law enforcement agents. Federal prosecutors then initiate criminal charges, which triggers application of the Speedy Trial Act, 18 U.S.C. § 3161(b). *See, e.g.*, *United States v. Hsin-Yung*, 97 F. Supp.2d 24, 28-29 & n.8 (D.D.C. 2000); *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989) (holding that "arrest" for speedy-trial purposes occurs when formal federal charges are pending); *United States v. Cepeda-Luna*, 989 F.2d 353, 356 (9th Cir. 1993) (confirming that civil detention does not trigger speedy-trial rights until federal indictment is filed). As with other domestic criminal proceedings, indictments of defendants charged with drug trafficking under the Act are public; the names and interdiction dates thus become available after indictment through the regular criminal process.

Wessler, an investigative reporter, contends that the Coast Guard is constitutionally obliged to make public the names and dates of apprehension of foreign nationals intercepted during interdiction activities. Because defendants' names are not disclosed until formal criminal proceedings begin in the U.S.—and the identities of individuals returned to their home countries uncharged may never be released—Wessler characterizes the interdictions as "arrests that are currently being made in secret." *See* ECF No. 1, Compl. And the First Amendment compels the *contemporaneous* publication of these foreign nationals' names and interdiction dates, Wessler alleges, relying on the "history and logic" test first enunciated in *Richmond Newspapers, Inc., v. Commonwealth of Virginia*, 448 U.S. 555 (1980). That case and its progeny recognize a qualified "right of access to criminal trials." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 10 (1986). Because arrest records historically have been public and because transparency in law enforcement is in the public interest, Wessler claims, the Coast Guard's failure to provide real-time information on its international narcotics interdictions runs afoul of the First Amendment.

Wessler's argument is fundamentally flawed. It matters not whether, "[i]n the United States, the names of persons arrested and the dates of their arrest have historically been disclosed contemporaneously to the public." Compl. ¶ 30. Wessler does not plead that extraterritorial drug interdiction records ever have been disclosed contemporaneously to the public. His complaint inaccurately portrays interdictions conducted in international waters as run-of-the-mill domestic arrests, without providing any authority or factual allegations to back up that assumption. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 267-75 (1990) (holding that Fourth Amendment does not apply "to activities of the United States directed against aliens in foreign territory or in international waters").

Even putting aside Wessler's failure to address the context in which international drug smugglers are detained, his claim fails as a matter of law because the First Amendment right of access is not nearly as broad as he portrays. The First Amendment does not, as Wessler insists, "extend[] to the public a qualified right of contemporaneous access to government proceedings and records where such access traditionally has been provided and it promotes the proper functioning of government." Compl., ¶ 3. On the contrary, the Supreme Court has *never* applied the right-of-access doctrine outside the context of criminal proceedings. And although "[t]he Second Circuit has applied the 'experience-and-logic' approach … to both judicial proceedings and documents" in civil, as well as criminal, proceedings, *United States v. Smith*, 985 F. Supp.2d 506, 517 (S.D.N.Y. 2013), never has it been held to apply to government records generally, outside a judicial or adjudicative context. *See id.* (collecting Second Circuit authority applying the right of access to various contexts). The common thread underlying all right-of-access cases is application of the doctrine to materials generated as part of an *adjudicative* process. Indeed, the Supreme Court has squarely rejected the argument that the First Amendment guarantees a general right to access government information. *See, e.g.*, *Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978) ("The Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act."); *Los Angeles Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32 (1999) (rejecting claim that constitutional right of access required state to disclose arrestee addresses). Here, Wessler isn't seeking information part of, or generated by, a judicial proceeding; nor does he seek access to any type of adjudicative material. There simply is no right to access the names and detention dates of interdicted individuals *before* the criminal process begins (at which time that information is publicly available).

2

Finally, persuasive, on-point authority demonstrates that Wessler's claim is meritless. In *Center for National Security Studies v. Department of Justice*, the plaintiff argued that the First Amendment right of access required the government to disclose the names and detention dates of individuals detained, but not criminally charged, as part of a law-enforcement investigation. 331 F.3d 918, 934 (D.C. Cir. 2003). Rejecting the existence of such a right, the D.C. Circuit explained, "Plaintiffs seek not individual arrest records, but a comprehensive listing of the individuals detained in connection with a specified … investigation … [T]he First Amendment is not implicated by the executive's refusal to disclose the identities of the detainees and information concerning their detention." *Id.* at 934-35. If the government has no obligation to disclose the identities of individuals detained *within* U.S. territory as part of an investigation, there certainly is no greater right of access to information about law-enforcement activities conducted abroad.

Accordingly, the Coast Guard respectfully requests a pre-motion conference with the Court to file its motion to dismiss. Alternatively, if the Court concludes that no conference is necessary, the parties have concurred and agreed to a briefing schedule that provides the Coast Guard sixty days from the date of this Court's order to serve its motion to dismiss, with Wessler's response due sixty days thereafter, and a reply due thirty days thereafter. This letter is being submitted prior to the expiration of the Coast Guard's time to answer or otherwise respond to Wessler's complaint. We appreciate the Court's time and attention to this matter.

Respectfully submitted,

JOSEPH HUNT
Assistant Attorney General

BRETT M. SHUMATE
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Kate Bailey*
KATE BAILEY, MD Bar
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel.:  (202) 514-9239
Fax:  (202) 616-8470
Email: kate.bailey@usdoj.gov